■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR AGUAYO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered May 15, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements given to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's argument that his postarrest statements should have been suppressed because of the failure of law enforcement officials to inquire as to whether the defendant had representation in any pending cases prior to taking his statements is erroneous. In view of the defendant's failure to

establish that he, in fact, was represented on a pending case, or that the arresting officer had knowledge of the pending case, or that the police otherwise acted in bad faith, this claim is without adequate support in the record (see, People v Rosa, 65 NY2d 380, 387; People v Bertolo, 65 NY2d 111, 121).

Further, viewed in the light most favorable to the People (People v Contes, 60 NY2d 620), the evidence was sufficient to conclude that the defendant was a participant in a robbery and that the killing committed by one of his accomplices was done in furtherance thereof, thereby establishing the defendant's guilt of felony murder (see, Penal Law § 125.25 [3]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.