THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MASTRODONATO and PATRICIA MASTRODONATO, Appellants.

Fourth Department, December 23, 1988

APPEARANCES OF COUNSEL

*Palmiere & Pellegrino, P. C. (David Palmiere* of counsel), for appellant.

*Howard R. Relin, District Attorney (Robert Mastrocola* of counsel), for respondent.

## OPINION OF THE COURT

CALLAHAN, J. P.

On this appeal, we are called upon to determine whether law enforcement officials may use information inadvertently intercepted during the course of an authorized wiretap, which concerns unrelated criminal activities by a person not named in the wiretap order, to support an application for a search warrant against that person without first seeking to amend the original eavesdropping warrant pursuant to CPL 700.65 (4).

The essential facts are not in dispute. On September 15, 1986, Monroe County Court Judge John Connell issued an eavesdropping warrant authorizing the Irondequoit police to intercept telephone conversations at the residence of a named individual in connection with a narcotics investigation. During the course of this surveillance, the police intercepted several telephone calls from the target of the narcotics investigation to defendants' home which indicated that these defendants were involved in gambling activities. On September 20, 1986, an application was made to Judge Connell to amend the wiretap order to include the crime of gambling. The Judge denied the application on the grounds that there was no probable cause to believe that the target of the wiretap (who was not one of these defendants) was involved in gambling activities since he was placing bets rather than accepting bets.

On January 11, 1987, after completion of the narcotics investigation, the Irondequoit police applied to the Town Justice for a warrant to search defendants' residence. The application utilized in part the information pertaining to gambling accidentally intercepted during the narcotics probe. A warrant was issued to search defendants' premises for bookmaking and other gambling-related property and records. Upon executing the warrant, the police seized gambling records. Both defendants were indicted and charged with the crimes of possession of gambling records in the first degree (Penal Law § 225.20 [1]) and promoting gambling in the second degree (Penal Law § 225.05).

Defendants moved to suppress the evidence seized, claiming that there was no probable cause for issuance of the search warrant because it was based on information obtained as a result of the conversations intercepted during the narcotics wiretap surveillance and also because its seizure had never been authorized retroactively by amendment of the wiretap order as required by CPL 700.65 (4). In opposing the motion the People claimed that CPL 700.65 did not require amendment of the wiretap warrant to use the intercepted communications in a subsequent application for a search warrant, as that data was properly obtained pursuant to the "plain view" doctrine.

In a well-reasoned decision, Justice Mark of the Supreme Court, Monroe County, denied the motion to suppress *(People v Mastrodonato,* 136 Misc 2d 854). The court found that police reliance upon the intercepted information as a partial basis in applying for a search warrant was proper under CPL 700.65 (2), and thus there was no need for an amendment of the eavesdropping warrant under subdivision (4) to cover these conversations concerning the crime of gambling as they came within the purview of the "plain view" doctrine *(People v Mastrodonato, supra).* We agree.

CPL 700.65 deals with the disclosure and use of information obtained during the execution of an eavesdropping warrant. That statute provides in pertinent part:

"2. Any law enforcement officer who, by any means authorized by this article, has obtained knowledge of the contents of any intercepted communication, or evidence derived therefrom, may use such contents to the extent such use is appropriate to the proper performance of his official duties.

"3. Any person who has received, by any means authorized by this article, any information concerning a communication, or evidence derived therefrom, intercepted in accordance with the provisions of this article, may disclose the contents of that communication or such derivative evidence *while giving testimony under oath in any criminal proceeding* in any court, in any grand jury proceeding or in any action commenced pursuant to article thirteen-A of the civil practice law and rules * * *.

"4. When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime that has

been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or used as provided in subdivisions one and two. *Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents.* The application for such amendment must be made by the applicant as soon as practicable. If the justice finds that such contents were otherwise intercepted in accordance with the provisions of this article, he may grant the application." (Emphasis added.)

It has been held that in enacting CPL 700.65 (4) the Legislature obviously intended to engraft the "plain view" exception *(see, People v Spinelli,* 35 NY2d 77, 80-81; *Coolidge v New Hampshire,* 403 US 443) upon the general constitutional requirement that seized evidence must be particularly described in the application for a warrant *(People v Di Stefano,* 38 NY2d 640, 648). Since eavesdropping warrants are based on substantially the same principles applicable to search warrants for physical evidence and, inasmuch as evidence not described but discovered in the course of a lawful search is under certain circumstances admissible, it seems only logical for the Legislature to have intended that intercepted communications be treated similarly. *(People v Di Stefano, supra,* at 648; *see also, People v Winograd,* 68 NY2d 383, 391.)

CPL 700.65 (4) of the New York eavesdropping statute is based on a similar Federal provision *(see,* 18 USC § 2517 [5]) which was "adopted to insure that the original order was lawfully obtained and continued, that the inadvertent interception was overheard in good faith, and that the interception was in fact inadvertent" *(People v Di Stefano, supra,* at 650; *People v Winograd, supra,* at 391-392). Significantly, Federal courts, in interpreting the Federal statutory counterpart to this statute, have held that the legislative history appears to have contemplated the employment, without judicial authorization, of "unrelated" communications to obtain search warrants *(see, e.g., United States v Johnson,* 539 F2d 181, 186-188 [DC Cir 1976], *cert denied* 429 US 1061; *United States v Vento,* 533 F2d 838, 854-855 [3d Cir 1976]; *United States v DePalma,* 461 F Supp 800, 825 [SD NY 1978]; *United States v Licavoli,* 456 F Supp 960, 965-966 [ND Ohio 1978]; *United States v Aloi,* 449 F Supp 698, 732-734 [ED NY 1977]; *see also,* 1968 US Code Cong & Admin News 2188-2189). We agree with the rationale of these cases.

In our view, the Legislature appears to have contemplated

the employment without prior judicial authorization of unrelated communications to obtain search warrants. The use of these intercepted communications in connection with an application for a search warrant is not a testimonial use within subdivision (3) requiring an amendment of the eavesdropping warrant under subdivision (4); rather, this application falls within subdivision (2) which permits the police to use any intercepted communications "to the extent such use is appropriate to the proper performance of his official duties" without the necessity of obtaining judicial approval to amend the eavesdropping warrant. Therefore, the interception of such inadvertent communications was proper under the "plain view" exception and law enforcement officials could properly use such knowledge pursuant to CPL 700.65 (2) in support of an application for a search warrant, without first seeking a judicial amendment of the wiretap order to include gambling activities.

Accordingly, the court properly denied defendants' motion to suppress and the judgments should be affirmed.

DOERR, BOOMER, GREEN and LAWTON, JJ., concur.

Judgment unanimously affirmed.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA MASTRODONATO, Appellant.—Judgment unanimously affirmed. Same opinion by Callahan, J. P., as in *People v Thomas Mastrodonato* (142 AD2d 460 [decided herewith]). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—possession of gambling records, second degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.