OPINION OF THE COURT
Alexander, J.
A law enforcement officer’s disclosure in a search warrant application of intercepted communications relating to unanticipated criminal activity by persons who are not the targets of the eavesdropping warrant is a use of those communications "appropriate to the proper performance of [the officer’s] official duties” (CPL 700.65 [2]) and not a use "while giving testimony under oath in any criminal proceeding in any court” (CPL 700.65 [3]). Accordingly, no retrospective amendment of the eavesdropping warrant is required by the statute (see, CPL 700.65 [4]).
I
Defendants pleaded guilty to criminal possession of gam *20 bling records in the second degree (Penal Law § 225.15) after Supreme Court denied their motion to suppress gambling records seized from their home pursuant to a search warrant. The facts established on the suppression motion are essentially undisputed. On September 15, 1986, a Monroe County Court Judge issued an eavesdropping warrant authorizing the Irondequoit police to intercept telephone conversations at the residence of a named individual in connection with a narcotics investigation. During the course of that surveillance, the police intercepted several telephone calls from the wiretap target to defendants’ home which indicated that these defendants were involved in gambling activities. On September 20, 1986, an application was made to prospectively amend the eavesdropping warrant to include the crime of gambling. The County Court Judge who issued the warrant denied the application because there was no probable cause to believe that the wiretap target was involved in gambling activities since he was placing bets rather than accepting bets.
On January 11, 1987, after completion of the narcotics investigation, the Irondequoit police applied to the Town Justice for a warrant to search the defendants’ residence for evidence relating to illicit gambling activities. The application was based upon the defendants’ conversations pertaining to gambling intercepted during the unrelated narcotics investigation as well as other independently developed evidence, including information obtained through the lawful placement of a pen register device on one of defendants’ two telephone lines. On the basis of this collective information a warrant was issued to search defendants’ home for bookmaking and other gambling-related property and records. Gambling records were seized upon the execution of the warrant and defendants were subsequently indicted and charged with the crimes of possession of gambling records in the first degree (Penal Law § 225.20 [1]) and promoting gambling in the second degree (Penal Law § 225.05).
Defendants moved to suppress the seized evidence, arguing that the search warrant improperly included information obtained from the intercepted conversations and absent that information, was not based upon probable cause. Specifically, defendants argued that the intercepted conversations were not properly disclosed in the search warrant application because the eavesdropping warrant had never been retrospectively amended to preserve the gambling conversations. The People conceded that probable cause for the search warrant did not *21 exist without the intercepted communications, but argued that no amendment of the eavesdropping warrant was necessary before those communications could be disclosed in a search warrant application. Supreme Court denied the motion, reasoning that disclosure of intercepted communications in a search warrant application fell within CPL 700.65 (2) rather than CPL 700.65 (3) and therefore that no amendment of the eavesdropping warrant was required (136 Misc 2d 854). Defendants pleaded guilty to criminal possession of gambling records in the second degree and the Appellate Division, Fourth Department, affirmed their convictions (142 AD2d 460). Defendants appeal by leave of an Associate Judge of this court and we now affirm.
II
CPL 700.65 permits the use by a law enforcement officer of intercepted communications or evidence derived therefrom to the extent "appropriate to the proper performance of [the officer’s] official duties” (CPL 700.65 [2]) and also permits disclosure of such intercepted communications or derivative evidence by any person "while giving testimony under oath in any criminal proceeding in any court, in any grand jury proceeding, or in any action commenced pursuant to article thirteen-A of the civil practice law and rules” (CPL 700.65 [3]). When the intercepted communications are related to offenses other than those enumerated in the eavesdropping warrant, CPL 700.65 (4) requires that the eavesdropping warrant be amended to include the conversations before they may be disclosed pursuant to subdivision (3). No amendment is required, however, for disclosures pursuant to subdivision (2).[1] *22 By authorizing the use of intercepted communications which are unrelated to the subject of the eavesdropping warrant, the statute incorporates the plain view exception to the Fourth Amendment’s requirement that evidence to be seized be particularly described in the search warrant (People v Di Stefano, 38 NY2d 640, 648). The statute imposes a requirement more stringent than the constitutional standard only in requiring timely amendment of eavesdropping warrants to include testimonial uses of intercepted conversations pursuant to subdivision (3).
Defendants argue that a search warrant application is a "criminal proceeding” as that term is defined in CPL 1.20 (18) and therefore, disclosure of such unrelated communications in the course of that proceeding is a use under subdivision (3) of CPL 700.65 and amendment of the eavesdropping warrant is required. The argument is without merit.
CPL 700.65 was modeled upon the Federal wiretapping statute, 18 USC § 2517,[2] and was intended to "conform!] State *23 standards for court authorized eavesdropping warrants with federal standards and [to] increase^ the flexibility of this law enforcement tool in the battle against organized crime” (Governor’s Mem, L 1969, ch 1147, 1969 McKinney’s Session Laws of NY, at 2586). Significantly, 18 USC § 2571 (5), the Federal provision which is nearly identical to CPL 700.65 (4), has been construed to permit disclosures of unrelated communications in subsequent warrant applications because, in the view of the Federal courts, Congress intended to require judicial approval only for testimonial disclosures bearing directly upon guilt or innocence, or used to corroborate or impeach a witness, or to refresh his or her recollection (United States v Johnson, 539 F2d 181, 186-188; United States v Vento, 533 F2d 838, 854; United States v Licavoli, 456 F Supp 960, 966; see also, 1968 US Code Cong & Admin News, at 2188-2189). Indeed the legislative history of section 2517 explains that a use of intercepted communications "appropriate to the proper performance of [a law enforcement officer’s] official duties” (18 USC § 2517 [2]) is a disclosure "to establish probable cause for arrest, to establish probable cause to search, or to develop witnesses” (1968 US Code Cong & Admin News, at 2188, quoting Sen Rep No. 1097, 90th Cong, 2d Sess, at 12 [citations omitted]). We conclude, therefore, that the disclosure of defendants’ intercepted conversations at the search warrant application at issue here is a use falling within subdivision (2) of CPL 700.65 rather than a testimonial use in a criminal proceeding pursuant to subdivision (3) (see also, People v Basilicato, 64 NY2d 103, 115, n 2 [noting that CPL 700.65 (4) permits retrospective amendment of an eavesdropping warrant as the basis for "admission at trial” of inadvertently intercepted communications]). Thus the courts properly determined that no amendment of the eavesdropping warrant was required.
Finally, our decision in People v Winograd (68 NY2d 383) is not to the contrary. We held in Winograd that conversations of the targets of a wiretap investigation were unlawfully seized because they did not relate to the offenses enumerated in the eavesdropping warrant and the warrant had not been timely amended to include those offenses. It was not disputed that amendment of the warrant was required and in fact was *24 made. Rather, the defendants argued that the wiretap was unlawful because not timely amended. Although defendants sought suppression of both the seized conversations and their derivative fruits, the People disputed only the legality of the wiretap (see, People v Winograd, 68 NY2d, at 390-393, supra). The question presented in this case — the distinction between subdivision (2) and subdivision (3) of CPL 700.65 insofar as relevant to the amendment requirement of subdivision (4)— was not raised. Having considered that issue, we conclude that defendants’ conversations were properly seized "in plain view” and that CPL 700.65 (4) does not require amendment of the eavesdropping warrant in these circumstances because an application for a search warrant is a use of those conversations "appropriate to the proper performance of [the law enforcement officer’s] duties” (CPL 700.65 [2]) rather than a testimonial use pursuant to CPL 700.65 (3).
Accordingly, the orders of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Orders affirmed.

. At the time defendants were charged the CPL 700.65 provided in pertinent part
"2. Any law enforcement officer who, by any means authorized by this article, has obtained knowledge of the contents of any intercepted communication * * * may use such contents to the extent such use is appropriate to the proper performance of his official duties.
"3. Any person who has received, by any means authorized by this article, any information concerning a communication * * * may disclose the contents of that communication or such derivative evidence while giving testimony under oath in any criminal proceeding in any court * * *
"4. When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime that has been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or *22 used as provided in subdivisions one and two. Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents. The application for such amendment must be made by the applicant as soon as practicable.” (L 1970, ch 996, § 1 [emphasis added].)
The statute was subsequently amended to encompass both eavesdropping and video surveillance warrants and subdivision (4) was amended to require that an application for amendment be made "within ten days after probable cause exists” rather than "as soon as practicable” (see, L 1988, ch 744, § 20, eff Dec. 22, 1988).

. 18 USC § 2517 provides, in pertinent part:
"(2) Any investigative or law enforcement officer who ** * * has obtained knowledge of the contents of any wire, oral, or electronic communication * * * may use such contents to the extent such use is appropriate to the proper performance of his official duties.
"(3) Any person who has received * * * any information concerning a wire, oral, or electronic communication * * * may disclose the contents of that communication * * * while giving testimony under oath or affirmation in any proceeding held under the authority of the United States or of any State or political subdivision thereof.
"(5) When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications * * * intercepts wire, oral, or electronic communications * * * relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in subsections (1) and (2) of this section. Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on *23 subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.”