■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY DeMIERI and MICHAEL DeMIERI, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH CONIGLIARO and JAMES GALLO, Respondents.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Egitto, J.), dated February 15, 1989, as granted those branches of the defendants' separate omnibus motions which were to suppress evidence obtained pursuant to court-authorized electronic surveillance and to dismiss Kings County Indictment Nos. 5937/87 and 5939/87.

Ordered that the order is modified by (1) deleting the provision thereof granting those branches of the defendants' omnibus motions which were to suppress tapes of communications intercepted between September 13, 1986, and September 30, 1986, and between October 11, 1986, and October 24, 1986, and by substituting therefor a provision denying those branches of the motions, and (2) deleting the provision thereof granting those branches of the defendants' omnibus motions which were to dismiss Indictment Nos. 5937/87 and 5939/87 and substituting therefor a provision denying those branches

of the motion; as so modified, the order is affirmed insofar as appealed from, the indictments are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

After obtaining an eavesdropping warrant authorizing the interception of communications between the defendants relating to gambling, the police intercepted communications evidencing loansharking activities. Thereafter, on September 2, 1986, a retrospective amendment to the eavesdropping warrant was obtained preserving the loansharking communications for future use. The amendment also granted the police prospective authority to intercept further loansharking communications. The defendants moved to suppress all of the intercepted communications, arguing, *inter alia,* that the retrospective amendment was not obtained as soon as practicable. The court agreed and, in addition to suppressing the communications intercepted prior to the September 2, 1986, amendment, suppressed all communications intercepted after the amendment, reasoning, in effect, that the latter communications were the "fruit of the poisonous tree". Because it found that all of the communications had to be suppressed, the court also dismissed the indictments. We find that some of the communications should not have been suppressed and, consequently, reinstate the indictments.

At the time of the issuance of the warrant, CPL 700.65 (4) essentially provided that inadvertantly intercepted communications could be disclosed, as long as the eavesdropping warrant was amended to include the contents of those communications "as soon as practicable". Courts have interpreted this section as requiring prosecutors to apply for amendments "as soon as practicable after they have obtained 'sufficient information which manifests probable cause to believe that a crime not covered in the original warrant has been committed' " *(People v Winograd,* 68 NY2d 383, 392, quoting *People v O'Meara,* 70 AD2d 890, 891, *affd* 52 NY2d 990).

At bar, the People argue that the submission of progress reports informing the court about the loansharking communications satisfied CPL 700.65 (4). However, because the People did not raise this claim before the Supreme Court, it has not been preserved for appellate review *(see, People v De Jesus,* 69 NY2d 855; *People v Tabarez,* 69 NY2d 663). Moreover, we agree with the court's finding that the People did not meet their burden of proving strict compliance with the statute *(see, People v Winograd, supra,* at 391; *People v O'Meara, supra).* Accordingly, the court properly suppressed those communica-

tions intercepted prior to the amendment of the warrant on September 2, 1986 *(see, People v Schulz,* 67 NY2d 144, 148-149).

However, we disagree with the court's finding that the communications intercepted prior to the amendment could not be used to obtain the amendment granting prospective authority to intercept communications. In *People v Mastrodonato* (75 NY2d 18), the Court of Appeals explained that CPL 700.65 (4) only requires retrospective amendments for the testimonial disclosure of intercepted communications that were not originally authorized by the eavesdropping warrant *(see, People v Mastrodonato, supra,* at 23). Disclosing such communications in a search warrant application was deemed not a testimonial disclosure, but a use "appropriate to the * * * performance of [a law enforcement officer's] official duties" (CPL 700.65 [2]). Thus, the court held that a retrospective amendment was not required as a prerequisite to using communications inadvertantly intercepted in support of a subsequent search warrant application *(see, People v Mastrodonato, supra,* at 23). Accordingly, the communications intercepted after the September 2, 1986, amendment, should not have been suppressed on the ground that they were the "fruit of the poisonous tree".

In addition, we find that while the court properly suppressed communications intercepted on September 11, 1986, September 12, 1986, and October 10, 1986, on the ground that the recordings of those communications had not been sealed promptly, the recordings of the remaining communications were sealed promptly and should not have been suppressed on this ground *(see,* CPL 700.50; *People v Washington,* 46 NY2d 116). Accordingly, the indictments are reinstated.

In light of this determination, we need not address the appellant's remaining contentions. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.