■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BESTMAN, Appellant. [692 NYS2d 422] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leone, J.), rendered February 8, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record reveals that he voluntarily, knowingly, and intelligently waived his right to be present during sidebar conferences with prospective

jurors (*see, People v Antommarchi,* 80 NY2d 247). The defense counsel, in the presence of the defendant, told the court that the defendant waived his right to be present during the sidebar interviews (*see, People v Broadwater,* 248 AD2d 719; *People v Stokes,* 216 AD2d 337). Accordingly, the defendant's waiver was valid. Ritter, J. P., Altman and McGinity, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, on the law, and to grant a new trial, with the following memorandum: The record in this case established that the defendant never waived his right to be present at voir dire sidebar conferences (*see, People v Antommarchi,* 80 NY2d 247; *People v Golden,* 222 AD2d 696).

During the course of jury selection, the defense counsel stated "I want to waive the defendant's right which he has to appear at the sidebar" and the court, without further colloquy, replied, "Very well". The voir dire continued with numerous discussions held at the sidebar between the court and prospective jurors with respect to their potential prejudices.

The defendant's purported waiver of his right to be present at sidebar conferences was clearly inadequate. A waiver must be made by "a voluntary knowing and intelligent choice" (*People v Vargas,* 88 NY2d 363, 375-376). Such a waiver may be inferred where counsel states on the record in the defendant's presence that counsel has discussed the matter with the defendant, and the defendant stands mute (*see, People v Ming Yuen,* 222 AD2d 613). The court can also elicit a waiver from the defendant or choose to forego the use of sidebar conferences altogether (*see, People v Vargas, supra*).

Here counsel made no representation that he had discussed the purported waiver with his client, nor did the court mention the issue. There is no other evidence in the record that the defendant was ever advised of the significance of his "right to appear at the sidebar" or that "the sidebar" even involved jury selection (*see, People v Marino,* 249 AD2d 490; *cf., People v Spruill,* 212 AD2d 381). There is absolutely nothing in this record to indicate that the defendant understood his counsel's statement or its relevance.

In view of the foregoing, the judgment should be reversed and a new trial ordered.