[700 NYS2d 99]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WIL-
FREDO SCHERY, Appellant.

First Department, November 18, 1999

## APPEARANCES OF COUNSEL

*Michael S. Morgan* of counsel (*Donald J. Siewert* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

*Martin L. Schmukler, P. C.,* New York City, and *L. Mark Dachs, P. A.,* Miami, Florida, for appellant.

## OPINION OF THE COURT

LERNER, J.

This appeal requires us to address an issue of first impression, whether employees of a private agency hired by the Special Narcotics Prosecutor's Office may lawfully be permitted to monitor intercepted conversations in the execution of an eavesdropping warrant.

This case stems from a year-long investigation of the New York branch of a Colombian narcotics cartel, which operated throughout the New York metropolitan area. A series of eavesdropping warrants were issued authorizing the New York County District Attorney, the New York Drug Enforcement Task Force (NYDETF), the New York City Police Department and the Office of Special Narcotics to intercept communications made over several telephone lines. Two of the warrants pertained to a cellular phone belonging to defendant. Specifically, the warrants at issue provided for the interception and recording of conversations by "the District Attorney of the County of New York or any Law Enforcement Task Force or the New York City Police Department, or any Special Investigator in the Office of Prosecution, Special Narcotics Court, acting under his direction." Inasmuch as the conversations were in Spanish, and the NYDETF agents were non-Spanish speaking, the Special Narcotics Prosecutor deputized Spanish-speaking employees of an outside agency as "Special

Investigators" and designated them to monitor and intercept the calls related to this investigation. The monitors swore to an oath, similar to that of the Drug Enforcement Agents, to faithfully discharge their duties. After notarizing the oath, the monitors were given written and oral minimization instructions. One member of the NYDETF was always assigned to the monitoring facility to supervise the monitors in the plant for every hour they were intercepting calls.

On the basis of information obtained from the intercepted conversations, the police secured a search warrant for defendant's residence, wherein they seized one kilogram of cocaine, cash, and documents pertaining to the cartel's drug- trafficking activities.

Defendant moved to suppress all conversations intercepted on his cellular phone. He contends that these conversations and any evidence derived therefrom should be suppressed because the Special Investigators were not "law enforcement officers" or "members" of the Office of the Special Narcotics Prosecutor authorized to execute the warrant pursuant to CPL 700.35 (1).

CPL 700.35 (1) provides: "An eavesdropping or video surveillance warrant must be executed according to its terms by a law enforcement officer who is a member of the law enforcement agency authorized in the warrant to intercept the communications or conduct the video surveillance." CPL 700.05 (6) defines a "law enforcement officer" as "any public servant who is empowered by law to conduct an investigation of or to make an arrest for a designated offense, and any attorney authorized by law to prosecute or participate in the prosecution of a designated offense," but does not otherwise define a "public servant." Under CPL 1.20 (34) (g), the term "police officer" is defined, *inter alia*, as "[a]n investigator employed in the office of a district attorney." Moreover, the Special Narcotics Prosecutor, by virtue of the New York Narcotics Court District Attorneys' Plan and the enabling statute for the Special Narcotics Part (*see*, Judiciary Law § 177-c), is authorized to appoint the investigators he or she deems necessary to conduct the agency's work.

We agree with the suppression court that the Special Narcotics Prosecutor was authorized to use these monitors, who were deputized as Special Investigators, and were closely supervised

by the agents of the Drug Enforcement Task Force as well as the prosecutors assigned to the investigation, and worked at their direction, since the monitors were both law enforcement officers and members of the Office of the Special Narcotics Prosecutor within the meaning of CPL 700.35 (1) (*see, United States v Bynum*, 763 F2d 474, 476-477; *United States v Lyons*, 695 F2d 802, 803).

We reject defendant's contention that the New York Legislature's failure to specifically amend its eavesdropping statute to conform with the Federal statute permitting the use of outside contractors warrants suppression. 18 USC § 2518 (5) was amended in 1986 to provide: "In the event the intercepted communication is in a code or foreign language, and an expert in that foreign language or code is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. An interception under this chapter may be conducted in whole or in part by Government personnel, or by an individual operating under a contract with the Government, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception." While CPL article 700 largely tracks the language of the Federal law (*People v Sher*, 38 NY2d 600, 604) and was intended to conform the State's standards with Federal standards (*People v Mastrodonato*, 75 NY2d 18, 22-23 [1989]), the absence of the specific language regarding outside contractors is not conclusive inasmuch as the Legislature did not amend CPL 700.05 (6) to limit the "public servant[s]" who may serve as a law enforcement officer. Further, it did not restrict the District Attorney's authority to appoint special investigators, nor did it remove the language defining a police officer as an "investigator employed in the office of a district attorney" (CPL 1.20 [34] [g]).

Accordingly, the judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 15, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 20 years to life, should be affirmed.

SULLIVAN, J. P., WILLIAMS, WALLACH and FRIEDMAN, JJ., concur.

Judgment, Supreme Court, New York County, rendered May 15, 1996, affirmed.