■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LASSO, Appellant. [701 NYS2d 391] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent prison terms of 15 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence connecting defendant to each of the crimes of which he was convicted. We see no reason to disturb the jury's determinations concerning credibility, identification, and voice identification.

The court properly exercised its discretion in permitting two People's witnesses to give expert testimony concerning drug trafficking code words. The record establishes that both witnesses were properly qualified as experts based on their experience (*see, People v Cronin*, 60 NY2d 430).

The court properly denied defendant's application for an adjournment to make unspecified motions. Although defendant now claims that he was entitled to move to set aside the verdict based on a claimed violation of his right to counsel under *Massiah v United States* (377 US 201), that claim would have involved facts dehors the record and thus could not have been raised by way of a motion to set aside the verdict in any event (CPL 330.30 [1]).

Defendant received meaningful representation. Counsel's failure to raise a claim that intercepted conversations were monitored by allegedly unauthorized persons did not deprive defendant of effective assistance. The precise issue defendant faults his trial counsel for failing to raise has been rejected by this Court (*People v Schery*, 259 AD2d 226).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.