(September 28, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BAILEY, Appellant. [713 NYS2d 535] —Judgment of resentence, Supreme Court, New York County (Edwin Torres, J.), rendered July 22, 1997, convicting defendant, after a jury trial, of two counts of assault in the first degree and one count of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 7 years, 7 years and 2 to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence refuted defendant's justification and intoxication defenses. Evidence that each of the complainants had multiple lacerations to the face and neck that required numerous sutures and left permanent scars that were viewed by the jury established the element of serious physical injury (*see, People v Edmonds*, 267 AD2d 19, *lv denied* 94 NY2d 862).

Defendant's claim that the People failed to turn over the two complainants' Grand Jury testimony, thereby violating their responsibilities pursuant to *People v Rosario* (9 NY2d 286) and *Brady v Maryland* (373 US 83), is procedurally defective and unreviewable. While defendant raised this issue in a motion made pursuant to CPL 440.10, that motion is not properly before this Court because leave to appeal was not obtained (CPL 450.15 [1]). Moreover, the motion was premature because it was made prior to sentencing (CPL 440.10 [1]). Even if treated as a motion to set aside the verdict pursuant to CPL 330.30 (1), it would still be procedurally defective because it is not based on any ground appearing in the record. In any event, even if we were to review the claim, we would find that it lacks merit. Defense counsel must have been aware that, under the circumstances of the case, one or both complainants necessarily had to have testified before the Grand Jury; counsel failed to object at a time when the People's alleged failure to produce the minutes could have been redressed (*People v Tamayo*, 222 AD2d 321, *lv denied* 88 NY2d 886; *see also, People v Feerick*, 241 AD2d 126, 137, *affd* 93 NY2d 433).

While it was improper for the court to preclude testimony relating to the complainants' reputation in the community for untruthfulness, their credibility was extensively impeached by other testimony and thus there is no significant probability that the jury would have acquitted defendant but for the preclusion of the evidence. Accordingly, the error was harmless (*see, People v Maher*, 89 NY2d 456, 462). Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.