■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARNEST VANN, Appellant. [732 NYS2d 615] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of robbery in the first degree (Penal Law §§ 20.00, 160.15 [3], [4]) and one count of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1]). Defendant contends that the showup identification procedure was unduly suggestive and thus that County Court erred in denying his motion to suppress the victim's showup identification. As we determined on the appeal of the codefendant, that contention lacks merit (see, People v Ricks, 270 AD2d 882, 882-883, lv denied 95 NY2d 802). Defendant failed to preserve for our review his contention that the police lacked the requisite reasonable suspicion to support their stop and detention of him (see, People v Sanders, 224 AD2d 956, lv denied 88 NY2d 885). In any event, that contention lacks merit. The police had reasonable suspicion to stop and detain defendant, who matched the description of one of the perpetrators (see, People v Hicks, 68 NY2d 234, 242).

Defendant also failed to preserve for our review his contention that the police officers' testimony bolstered the identification testimony of the victim and denied defendant a fair trial. Were we to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]), we would conclude that it lacks merit. The officers' testimony "merely served as a necessary narrative of events

leading to defendant's arrest" (*People v Jones*, 160 AD2d 333, *lv denied* 76 NY2d 790).

We reject the contention of defendant that the court erred in denying his request for a mistrial after an officer referred to a prior arrest of defendant. The court's immediate curative instructions sufficiently minimized any prejudice resulting from that testimony (*see, People v Young*, 48 NY2d 995, 996, *rearg dismissed* 60 NY2d 644).

Additionally, we reject the contention of defendant that the court erred in denying his CPL 330.30 motion based on ineffective assistance of counsel and newly discovered evidence. Defendant's ineffective assistance of counsel claim concerns matters dehors the record and thus is not reviewable on direct appeal (*see,* CPL 330.30 [1]). With respect to the newly discovered evidence claim, defendant's motion papers fail to establish that defendant could not have discovered that evidence before trial with the exercise of due diligence (*see, People v Carrier*, 270 AD2d 800, 802, *lv denied* 95 NY2d 864). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 1st Degree.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.