THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RUTTLEN, Appellant. [735 NYS2d 850] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (two counts) (Penal Law § 125.25 [1], [3]), robbery in the first degree (Penal Law § 160.15 [1]), unauthorized use of a vehicle in the first degree (Penal Law § 165.08), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Defendant was sentenced to concurrent indeterminate terms of incarceration, the longest of which are 25 years to life. County Court properly admitted the victim's statement under the present sense impression exception to the hearsay rule. The People met their burden of adducing evidence sufficiently corroborative of the "substance and content" of the statement (*People v Vasquez*, 88 NY2d 561, 576; *see, People v Brown*, 80 NY2d 729,

734-737). The conviction is supported by legally sufficient evidence of defendant's identity as the robber/killer, and the verdict is not against the weight of the evidence on the issues of identity or whether the killing was committed during or in furtherance of the robbery (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Epps,* 284 AD2d 996; *People v Aguayo,* 141 AD2d 827, 828, *lv denied* 72 NY2d 1043). Defendant was not deprived of a fair trial by prejudicial remarks of a prosecution witness, by the charge on "recent exclusive possession," by the supplemental instructions given in response to the jury's note, or by prosecutorial misconduct during summation.

Defendant's challenge to the alleged repugnancy of the verdict is unpreserved for our review (*see, People v Alfaro,* 66 NY2d 985, 987; *People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674), and in any event is without merit (*see, People v Tucker,* 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039; *People v Hightower,* 286 AD2d 913; *People v Kellogg,* 210 AD2d 912, 912-913, *lv denied* 86 NY2d 737). Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Scudder, Kehoe and Gorski, JJ.