■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SPIRLES, Appellant. [742 NYS2d 457] —Appeal from a judgment of Monroe County Court (Smith, J.), entered June 9, 1997, convicting defendant after a jury trial of, inter alia, robbery in the first degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of four counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and two counts of grand larceny in the fourth degree (§ 155.30 [5]), defendant contends that he was denied his right to be present at "vital stages of the proceeding" because he was not present during various sidebar conferences. We reject that contention. Defense counsel, in defendant's presence, repeatedly waived defendant's right to attend sidebar conferences conducted during voir dire and at trial (see People v Keen, 94 NY2d 533, 538-539; People v Blunt, 280 AD2d 956, lv denied 96 NY2d 826; People v Bestman, 262 AD2d 567). Thus, there is no basis on this record for concluding that defendant was deprived of his right to be present at any material stage of the proceeding (see People v Owens, 275 AD2d 905; see generally People v Antommarchi, 80 NY2d 247, 250, rearg denied 81 NY2d 759; People v Dokes, 79 NY2d 656, 659-660).

Contrary to defendant's further contention, the evidence is legally sufficient to establish defendant's identity as one of the

robbers (*see People v Ruttlen,* 289 AD2d 1061; *People v Casillas,* 289 AD2d 1063), and the verdict is not against the weight of the evidence on the issue of identification (*see People v Bleakley,* 69 NY2d 490, 495; *People v Gray,* 278 AD2d 833, *lv denied* 97 NY2d 656; *Owens,* 275 AD2d at 906).

County Court did not err in allowing the People to include in the photo array a photograph of defendant that was obtained as the result of an allegedly illegal arrest. The hearing testimony establishes that the police had probable cause to arrest defendant. Thus, they were lawfully in possession of defendant's mug shot and did not violate the Fourth Amendment in showing it to one of the victims. Nor did the court err in denying defendant's motion to suppress the identification testimony of that victim. The victim's identification testimony was not shown to be tainted by any unnecessarily suggestive procedure and, in any event, the court properly determined that the victim had an independent basis for his in-court identification of defendant (*see People v Grimes,* 289 AD2d 1072; *People v Beltran,* 281 AD2d 934, 935, *lv denied* 96 NY2d 898).

Finally, the court properly denied defendant's CPL article 330 motion on the ground that it was improperly based on matters outside the record (*see* CPL 330.30 [1]; *People v Vann,* 288 AD2d 876, 877, *lv denied* 97 NY2d 709; *People v Lasso,* 268 AD2d 313, *lv denied* 94 NY2d 922). Contrary to defendant's further contention, the court had no obligation to convert the motion to one pursuant to CPL article 440. Indeed, a CPL article 440 motion would have been premature because a judgment of conviction had not yet been entered (*see* 440.10 [1]; *People v Bailey,* 275 AD2d 663, 664, *lv denied* 95 NY2d 960). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.