■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WILLIAMS, Appellant. [823 NYS2d 904]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 31, 2004, convicting him of burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered December 18, 2002, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his motion pursuant

to CPL 330.30 (1) in which he claims a violation of *Brady v Maryland* (373 US 83 [1963]) was properly denied by the trial court (*see People v Brown,* 67 NY2d 555, 559 [1986]; *People v Bailey,* 275 AD2d 663 [2000]). To the extent the defendant's claim is based on a post-verdict investigation, it is dehors the record and therefore is not reviewable on direct appeal (*see People v Spirles,* 294 AD2d 810 [2002]; *People v Bailey, supra*).

We reject the defendant's contention that there was insufficient evidence to corroborate the testimony of an accomplice (*see* CPL 60.22). "[T]he testimony from the accomplice witness was sufficiently corroborated by evidence from . . . independent source[s] tending to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice [was] telling the truth" (*People v Nylander,* 21 AD3d 500, 501 [2005] [citations and internal quotation marks omitted]; *see People v Daniels,* 37 NY2d 624, 629-630 [1975]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.