■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CATALA, Appellant. [844 NYS2d 12]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered February 7, 2005, convicting defendant, after a jury trial, of gang assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 3½ years and one year, respectively, unanimously affirmed.

The evidence, particularly when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), was legally sufficient to establish that defendant was one of the men who assaulted the victim, and the verdict was not against the weight of that evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). After the assault, defendant was seen with two men with blood on their shirts, and he was wearing clothing similar to the description of one of complainant's assailants. He stipulated that the blood on his sweater was the complainant's. A police officer observed him in possession of a knife or box cutter shortly after the assault, which weapon was capable of causing the three-to-four-inch gash on the complainant's neck. When the police officer directed him to drop the knife, defendant first brandished it at the officer, then ran. The foregoing evidence, along with the inferences the jury could draw from it, was more than sufficient to support the verdict (*see People v Kennedy*, 47 NY2d 196, 201 [1979]). That some of

the evidence could also have been interpreted, as defendant suggests, in such a way as to support his claim that he had tried to break up the fight rather than participate in it, does not undermine the verdict.

Defendant's argument concerning the element of serious physical injury is without merit (see People v Bailey, 275 AD2d 663 [2000], lv denied 95 NY2d 960 [2000]), as is his challenge to the weapon possession conviction. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.