■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARAT KRIVOI, Appellant. [917 NYS2d 273]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Tomei, J.), rendered January 31, 2008, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the accomplice testimony upon which the People relied to establish his participation in the murder of Thien Diep was insufficiently corroborated and, therefore, insufficient to support that conviction. This contention is without merit (*see* CPL 60.22 [1]; *People v Caban*, 5 NY3d 143, 155 [2005]; *People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Breland*, 83 NY2d 286, 294 [1994]; *People v Smith*, 55 NY2d 945, 946-947 [1982]; *People v Montefusco*, 44 AD3d 879, 880 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt with regard to the murder of Thien Diep beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt with regard to the murder of Thien Diep was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances of this case, the Supreme Court erroneously admitted into evidence the redacted statements made by the codefendant (*see Gray v Maryland*, 523 US 185 [1998]; *Bruton v United States*, 391 US 123 [1968]; *Crawford v Washington*, 541 US 36 [2004]). However, we are satisfied that the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction. Thus, the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's claim that the People committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is dehors the record and not reviewable on direct appeal (*see People v Williams*, 34 AD3d 856, 857 [2006]). His contentions that the Supreme Court's jury charge regarding accomplice corroboration and the Supreme Court's instruction during his counsel's summation were not proper are unpreserved for appellate review (*see* CPL 470.05 [2]). Similarly, the defendant failed to

properly preserve for appellate review his claim that the testimony of a ballistics expert constituted improper bolstering (*cf. People v Qualls*, 55 NY2d 733 [1981]). In any event, those contentions, as well as the remaining contentions raised in both his main appellate brief and his pro se supplemental brief, are without merit. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.