People v Williams (2019 NY Slip Op 07627)





People v Williams


2019 NY Slip Op 07627


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2011-10513
 (Ind. No. 1879/10)

[*1]The People of the State of New York, respondent,
v
Edward Williams, appellant.


James L. Iannone, Williston Park, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Andrea M. DiGregorio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (John L. Kase, J.), rendered November 1, 2011, convicting him of murder in the first degree (three counts), attempted murder in the first degree (three counts), robbery in the first degree (five counts), robbery in the second degree (two counts), burglary in the first degree (two counts), kidnapping in the first degree, kidnapping in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of three counts of murder in the first degree and related charges arising out of a kidnapping at gunpoint of two victims by the defendant and his accomplice. During the commission of the kidnapping, the defendant shot at both victims as they attempted to flee, and one of the victims subsequently died from his gunshot wounds.
Contrary to the defendant's contention, the Supreme Court imposed an appropriate sanction for the People's failure to disclose prior to trial certain evidence pertaining to latent fingerprints found at the crime scene which the People contend match the fingerprints of the defendant's accomplice. Where a party fails to timely comply with a discovery demand, "the trial court has discretion to impose a broad range of sanctions, including preclusion" (People v O'Brien, 140 AD3d 1325, 1327; see People v Jenkins, 98 NY2d 280, 284). Here, the court precluded the People from using the fingerprint evidence in their case-in-chief and only allowed the People to introduce it on their rebuttal case after the defendant testified to his non-participation in the crime. The fingerprint evidence did not directly contradict the defense theory of nonparticipation in the crime (see People v Jenkins, 98 NY2d at 284-285). Further, the court afforded the defense time to prepare for the testimony of the People's witness as to the fingerprint evidence and granted the defendant's application to retain a fingerprint expert. Under these circumstances, the court's determination to preclude the People from using the evidence in their case-in-chief but to allow them to introduce the fingerprint evidence on their rebuttal case was an appropriate remedy (see People v Jenkins, 98 NY2d at 284-285; People v Pham, 118 AD3d 1159, 1161-1162).
Contrary to the defendant's further contention, most of the prosecutor's summation remarks that are challenged by the defense were proper, as within the broad bounds of permissible rhetorical comment or fair comment on the evidence (see People v Galloway, 54 NY2d 396, 399; [*2]People v Ashwal, 39 NY2d 105, 109-110). To the extent that some of the prosecutor's remarks were not based on the trial evidence, those remarks were sufficiently addressed by the curative instructions issued by the Supreme Court (see People v Marks, 128 AD3d 852, 853; People v Philips, 120 AD3d 1266, 1268), and were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Rhodes, 115 AD3d 681, 683; People v Ward, 106 AD3d 842, 843).
The defendant's contention, raised for the first time in his pro se supplemental brief, that the police lacked grounds to stop a vehicle that he was driving several weeks prior to his arrest is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 165 AD3d 1168, 1170; People v Mullings, 88 AD3d 745, 745), and we decline to review it in the exercise of our interest of justice jurisdiction.
The defendant's contention, raised in his pro se supplemental brief, that the People violated their disclosure obligations pursuant to Brady v Maryland (373 US 83) by failing to turn over a certain report until after the verdict was rendered, is based on matter dehors the record and not reviewable on direct appeal (see People v Krivoi, 81 AD3d 978, 979; People v Williams, 34 AD3d 856, 857). Moreover, this contention is unpreserved for appellate review, as the defendant never sought relief in connection with the alleged violation (see People v Francois, 137 AD3d 935, 936; see also People v Morrow, 143 AD3d 919, 920).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court