■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK D. OWENS, Appellant. [625 NYS2d 524] —Judgment, Supreme Court, New York County (Rose Rubin J.), rendered January 31, 1991, convicting defendant, after a jury trial, of two counts of attempted robbery in the first degree, attempted robbery in the second degree and criminal possession of a weapon in the second and third degrees and sentencing him, as a persistent predicate felon, to three concurrent terms of 15 years to life to run concurrently with two terms of 8 years to life, unanimously affirmed.

In moving to dismiss the indictment for violation of his constitutional and statutory right to a speedy trial, defendant alleged that his right to a speedy trial had been abridged because of the more than 17 month (it was actually 15 months) inexcusable delay that had already occurred, that the delay was primarily attributable to the prosecution's lack of readiness in an attempted robbery case that did not involve any complex issues, that he had been incarcerated the entire period and was, therefore, restricted in his ability to assist in the preparation of his defense and that the passage of time would likely cause witnesses to fail to recall the incident in question, thereby impairing his defense. Although the People did not respond directly to defendant's constitutional claim in the papers that they submitted in opposition to the motion to dismiss, the Assistant District Attorney subsequently stated in court that the defense had not given any reason why the decision with respect to whether the right to speedy trial was violated should be different on constitutional grounds than under CPL 30.30.

Notwithstanding that in People v Cole (73 NY2d 957, 958) the Court of Appeals, applying CPL 210.45 (4), held that the court therein should have granted the defense's motion to

dismiss on speedy trial grounds since "[t]he sworn allegations of fact essential to support defendant's motion were conceded by the People when they failed to submit opposition papers contesting these allegations", the instant situation is distinguishable. Since the prosecution did submit a written response to defendant's motion, the People did not concede defendant's factual allegations. They simply failed to discuss every reason that the defense put forth for dismissal. Thus, the trial court properly decided the motion on the merits. On the basis of the record before the court dismissal was not warranted on constitutional speedy denial grounds.

The trial court, in examining the factors set forth in CPL 30.30, found that only 80 days were chargeable to the prosecution and, indeed, it is clear that much of the delay in this matter was the result of adjournments for motion practice and for hearings concerning the age of the codefendant. CPL 210.45 (5) (b) authorizes a court to deny a motion without a hearing where it "is based upon the existence or occurrence of facts, and the moving papers do not contain sworn allegations supporting all the essential facts", and the court properly found, as a matter of law, that defendant had not established a violation of CPL 30.30 and summarily denied the motion to dismiss (see, People v Lugo, 161 AD2d 122, lv denied 76 NY2d 860).

Defendant also argues that he was deprived of due process when the court declined his request for a mistrial after a prosecution witness connected him to a prior robbery, insisting that the court's "belated" striking of this "extremely prejudicial" evidence did not cure the damage resulting therefrom. However, not only is it within the trial court's discretion to decide whether a mistrial is warranted (People v Ortiz, 54 NY2d 288, 292), but the discretion is not abused when the Judge, instead of granting a mistrial, provides curative instructions that are sufficient to alleviate any possible prejudice to defendant (People v Santiago, 52 NY2d 865, 866). Further, it is established that juries must be presumed to understand and follow curative instructions (People v Berg, 59 NY2d 294, 299-300), and there is no basis to conclude that the jurors here did not adhere to the instructions herein.

Finally, there is no merit to defendant's assertion that the court committed reversible error by failing to read back to the jury the testimony of two police witnesses. The Judge, who demonstrated consistent responsiveness to the jury's various notes, did not refuse to reread any testimony but merely sought clarification from the jury as to its request. As this

Court has observed, "[n]ot every failure to comply with a jury's request for information during deliberation is reversible error * * *. The test is whether or not the failure to respond seriously prejudiced the defendant." *(People v Hawkins,* 173 AD2d 358, *lv denied* 78 NY2d 1076.) The court's request to the jury that it refine its request did not suggest that the jury was not free to request additional information, or the entire testimony, and neither coerced the jury into reaching a verdict nor dissuaded the jury from considering testimony that was crucial to the defense *(cf., supra,* at 358-359). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.