■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD T. BURTON, Also Known as BLUE, Appellant. [642 NYS2d 123] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of manslaughter in the second degree. Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). County Court did not err in admitting a jail informant's testimony that defendant stated that he did not intend to kill the victim, but meant only to put the victim in the hospital. Testimony at the *Cardona* hearing established that the "informer work[ed] independently of the prosecution * * * [and] provid[ed] information on his own initiative, and [that] the government's role [was] limited to passive receipt of such information, [and thus] the informer [was] not, as a matter of law, an agent of the government" (*People v Cardona*, 41 NY2d 333, 335). We reject defendant's contention that the in-court identification by a prosecution witness was the product of an unduly suggestive photo array. Although two of the men depicted in the array had a lighter skin tone than defendant, the array was not so suggestive as to give rise to "a very substantial likelihood of irreparable misidentification" (*Simmons v United States*, 390 US 377, 384). Furthermore, we conclude that the sentence imposed is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.