■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE YELDON, Appellant. [675 NYS2d 262] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [1]), and one count each of sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the third degree (Penal Law § 130.55), assault in the second and third degrees (Penal Law § 120.05 [2]; § 120.00 [1]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), harassment in the second degree (Penal Law § 240.26 [1]) and criminal contempt in the first and second degrees (Penal Law § 215.51 [b]; § 215.50 [3]). The charges arose out of three separate incidents involving the same victim, defendant's former girlfriend.

The conviction of rape, sodomy and sexual abuse is not against the weight of the evidence. Although a different finding may not have been unreasonable, upon our review of the conflicting evidence, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495). Determination of the credibility of witnesses is within the province of the jury, which has the advantage of observing the witnesses and "is in a superior position to judge their veracity" (*People v Melendez,* 213 AD2d 1037; *see also, People v Bleakley, supra,* at 495; *People v De Jac,* 219 AD2d 102, 106, *lv denied* 88 NY2d 935).

The conviction of assault in the second and third degrees is supported by legally sufficient evidence. The victim testified that, during one attack, she sustained a cut on her arm, resulting in a scar that was visible at trial. She testified that, during another attack, with a pair of pliers, she sustained a puncture wound on her shoulder, resulting in a scar that was visible at trial. That evidence, as well as the testimony of the victim that she suffered considerable pain, is sufficient to demonstrate that the victim sustained physical injury (*see,* Penal Law § 10.00 [9]; *People v Morales,* 245 AD2d 467).

A pair of blue-handled pliers was properly admitted into evidence, having been identified by the victim's son as belonging to him and as the weapon that defendant used in the attack upon the victim. Any deficiencies in the chain of custody are relevant here on the issue of the weight to be accorded the evi-

dence (*see, People v Caldwell*, 221 AD2d 972, 973, *lv denied* 87 NY2d 920).

The argument of defendant that he was denied his right to be present at sidebar conferences during jury selection is without merit. Prior to jury selection, County Court informed defendant of his right to be present at sidebar conferences and his ability to waive that right. Defendant indicated that he understood, and he approached the bench with his attorney during the first sidebar conference, confirming his understanding of that right. After that conference, however, defendant did not approach again and allowed his attorney to handle sidebar conferences. Defendant's failure to attend sidebar conferences after having been informed of the right to do so constitutes a waiver of that right (*see, People v Dennis*, 206 AD2d 843, *lv denied* 84 NY2d 867).

Defendant's sentence is not unduly harsh or severe. We have examined the remaining issues raised by defendant and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Drury, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.