■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE PRIESTER, Appellant. [681 NYS2d 243] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered November 21, 1995, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 to 24 years and 7 to 14 years, respectively, unanimously affirmed.

Testimony concerning defendant's talk of killing an eyewitness, the prosecutor and defendant's prior attorney during defendant's aborted first trial was properly admitted as evidence of defendant's consciousness of guilt (*People v Herrera*, 245 AD2d 12, *lv denied* 92 NY2d 853). The probative value of this evidence outweighed its prejudicial effect.

The court properly exercised its discretion when it denied defendant's motion for a mistrial after a witness testified that a member of the audience had made a threatening gesture during his testimony. Any prejudice was ameliorated when the court struck the testimony and issued curative instructions to the jury, which, *inter alia*, indicated that there was no link between defendant and the person who made the gesture (*People v Owens*, 214 AD2d 480, *lv denied* 86 NY2d 799). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.

■ In the Matter of SANDRA A., Appellant, v JOY ZOE P. et al., Respondents. [679 NYS2d 821] —Order, Family Court, New York County (Ruth Zuckerman, J.), entered on or about October 30, 1995, which denied petitioner's application for visitation with her two minor grandchildren and dismissed the petition, unanimously affirmed, without costs.

Family Court's denial of petitioner's application for visitation with her grandchildren was a proper exercise of discretion since the evidence, including the testimony of mental health professionals and caseworkers familiar with the matter, was amply supportive of the conclusion that the visitation sought by petitioner would not be in the children's best interests (*see, Lo Presti v Lo Presti*, 40 NY2d 522, 526). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.