■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALLY KANNER, Appellant. [708 NYS2d 659] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of arson in the first degree (Penal Law § 150.20 [1]) and four counts of murder in the second degree (Penal Law § 125.25 [3], [4]) for setting a fire in which her two small children were killed. The record establishes that defendant waived her right to be present at sidebar conferences during voir dire by her voluntary, knowing, and intelligent choice (*see, People v Williams,* 92 NY2d 993, 996, citing *People v Vargas,* 88 NY2d 363, 375-376). At the outset of jury selection, County Court acknowledged defendant's right to be present during sidebars and indicated that it would "honor" that right. "Defendant's failure to attend sidebar conferences after having

been informed of the right to do so constitutes a waiver of that right" (*People v Yeldon*, 251 AD2d 1047, 1048, *lv denied* 92 NY2d 908; *see, People v Inskeep*, 272 AD2d 966 [decided herewith]).

The court did not abuse its discretion in admitting demonstrative evidence in the form of a full-size replica of the children's bedroom (*see, Harvey v Mazal Am. Partners*, 79 NY2d 218, 223-224). The probative value of the model in showing the size of the room outweighed any prejudicial effect (*see, People v Herr*, 203 AD2d 927, *affd* 86 NY2d 638).

We reject defendant's contention that fire investigators were improperly allowed to render an opinion concerning the ultimate issue in the case—whether defendant had committed arson. An expert may properly testify that "the fire was not mechanically, electrically, accidentally, or naturally caused, thus eliminating all nonsuspect causes" (*People v Herrera*, 136 AD2d 567, *lv denied* 70 NY2d 1007), and may rule out "all causes other than the 'human element'" (*People v Bush*, 186 AD2d 1049).

The court properly admitted in evidence the threats by defendant to burn down her house and kill her children. Those statements were relevant to establish the intent of defendant to commit arson (*see*, Penal Law § 150.20 [1]) and creation of a grave risk of death to her children (*see*, Penal Law § 125.25 [4]).

The court did not abuse its discretion in denying defendant's motion for a mistrial based on a prosecution witness's reference during cross-examination to the "first fire"—a 1994 arson in which defendant had been implicated. The court's curative instruction was "sufficient to alleviate any possible prejudice to defendant" (*People v Owens*, 214 AD2d 480, 481, *lv denied* 86 NY2d 799; *see, People v Thomas*, 249 AD2d 132, *lv denied* 92 NY2d 907), and it must be presumed that the jury disregarded any reference to the "first fire," as instructed (*People v Owens, supra*, at 481).

The court properly denied defendant's CPL 330.30 motions based on alleged misconduct by the jurors in discussing the case among themselves during breaks in the trial. Defendant did not establish the occurrence of such misconduct. One juror acknowledged concealing during voir dire that he had been prosecuted for petit larceny. However, defendant did not show that a substantial right was affected by such misconduct (*see, People v Demetsenare*, 243 AD2d 777, 778, *lv denied* 91 NY2d 833).

Given the heinous nature of the crimes, we conclude that the

sentence of 25 years to life imprisonment is not unduly harsh or severe. Defendant's remaining contentions have not been preserved for review and in any event lack merit. (Appeal from Judgment of Erie County Court, DiTullio, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.