◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN INSKEEP, Appellant. [708 NYS2d 784] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We likewise reject the contention of defendant that he was denied his right to be present at sidebar conferences during jury selection. The record establishes that, before jury selection commenced, County Court informed defendant that he had the right to be present at sidebar conferences and that he was "free to come up and listen to the colloquy, or [he was] free to remain at Counsel['s] table, whatever you choose to do is all right by me." Defendant did not approach the bench during the sidebar conferences. In light of the "flexible [approach] regarding the acceptable form of voluntary waivers" of statutory rights (People v Vargas, 88 NY2d 363, 376), we conclude that defendant's failure to attend the sidebar conferences after being fully informed of the right to do so constitutes a valid waiver of that right (see, People v Yeldon, 251 AD2d 1047, 1048, lv denied 92 NY2d 908). Finally, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court,

Fahey, J.—Attempted Rape, 1st Degree.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.