■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL OWENS, Also Known as O.V., Also Known as V.O., Appellant. [713 NYS2d 388] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [3]) and third degree (Penal Law § 160.05), defendant contends that he was improperly excluded from the *Wade* and *Sandoval* proceedings as well as from sidebars conducted during jury selection; that Supreme Court erred in failing to suppress the in-court identification by one of the victims; that the verdict finding defendant guilty of robbery in the first degree is against the weight of the evidence on the issue of identification; and that the sentence, an aggregate term of incarceration of 50 years to life, is unduly harsh or severe.

The transcript indicates that defendant was present throughout the *Wade* hearing and *Sandoval* conference. Similarly, the transcript of jury selection establishes that defendant's right to be present during sidebars was acknowledged by Supreme Court, which repeatedly asked defendant whether he wished to join counsel at the bench for the sidebars (*see, People v Inskeep,* 272 AD2d 966; *People v Kanner,* 272 AD2d 866; *see also, People v Yeldon,* 251 AD2d 1047, 1048, *lv denied* 92 NY2d 908; *cf., People v Keen,* 94 NY2d 533, 538-539). There is thus no basis on this record for concluding that defendant was deprived of his right to be present at any material stage of the trial (*see generally, People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759; *People v Dokes,* 79 NY2d 656).

Defendant's motion to suppress the identification testimony was properly denied. The photo array was a fair one, requiring the victim to view the photographs of six subjects of the same race and approximate age and with similar features (*see, People v Rogers,* 245 AD2d 1041; *People v Wooley,* 249 AD2d 46, 49, *lv denied* 92 NY2d 863; *People v Burton,* 226 AD2d 1073, *lv denied* 88 NY2d 934; *People v Lee,* 207 AD2d 953, 954, *lv denied* 85 NY2d 864; *see generally, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). Contrary to defendant's contention, successive photo arrays " 'are not per se impermissibly suggestive' " (*People v Brennan,* 261 AD2d 914, *lv denied* 94 NY2d

820, quoting *People v Lee, supra,* at 953; *see, People v Galletti,* 239 AD2d 598, 599, *lv denied* 90 NY2d 1011).

The verdict is not against the weight of the evidence on the issue of identification. The victim testified that he got a "good look" at defendant when he approached and was able to view him continuously throughout the incident, which lasted for several minutes and occurred under good lighting conditions. The jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495).

We have considered defendant's challenge to the severity of his sentence and conclude that it is without merit (*see, People v Owens,* 256 AD2d 1220, 1223, *lv denied sub nom. People v O.V.,* 93 NY2d 877). (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.