■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL YOUNG, Appellant. [721 NYS2d 846] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in precluding certain questioning at the *Wade* hearing and in ultimately ruling that the photo array was not unduly suggestive; that the verdict is against the weight of the evidence; and that he was denied effective assistance of counsel. The court's preclusion of certain questioning at the *Wade* hearing was proper, and the court properly denied defendant's motion to suppress certain identification evidence. The six subjects in the photo array were of similar age and appearance (*see, People v Owens*, 275 AD2d 905, *lv denied* 95 NY2d 937; *People v Rogers*, 245 AD2d 1041), and "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police

were urging a particular selection." (*People v Rogers, supra; see, People v McCullough* 279 AD2d 915; *People v Price,* 256 AD2d 596, 597, *lv denied* 93 NY2d 928). Moreover, the court's preclusion of questioning could not have prejudiced defendant, because it concerned a matter evident from the face of the photo array. The verdict is not against the weight of the evidence with respect to defendant's identity as the robber and defendant's display of what appeared to be a firearm (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Owens, supra,* at 906; *People v Whatts,* 169 AD2d 846, 847). Defendant received effective assistance of counsel (*see, People v Henry,* 95 NY2d 563; *People v Benevento,* 91 NY2d 708, 714-715; *People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.