THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KIMBLE, Appellant. [736 NYS2d 210] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count each of robbery in the first degree (Penal Law § 160.15 [1]) and criminal possession of a weapon in the second degree (Penal Law former § 265.03). He was sentenced to an aggregate term of incarceration of 33⅓ years to life. We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The evidence presented by the People was entirely circumstantial. Several motorists testified that they observed defendant in the vicinity of the crime around the time of the shooting; fresh footprints in the snow led to the house of a witness who testified that defendant came there at a time that approximates the time of the crimes; the murder weapon was found along the trail from the crime scene to that witness's house; and the description of defendant given to the police by that witness on the night of the crimes

matched the description of the suspect given by the motorists who testified at trial. Moreover, a witness testified that, on the day following the crimes, defendant told him that he was involved in a crime in which "a kid got shot" on Bailey Avenue when the gun went off "mistakenly." Another witness testified that defendant told him one week after the crimes that he had committed a robbery and that someone had been killed. It cannot be said here that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra,* at 495).

We also reject the contention of defendant that he was deprived of a fair trial based on the jury's viewing of the autopsy videotape, which lasted four or five seconds. The jury's viewing of the autopsy videotape was inadvertent, and the videotape was not presented by the People for the purpose of arousing the emotions of the jury (*see generally, People v Pobliner,* 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905). In any event, County Court issued a curative instruction, which the jury is presumed to have followed (*see, People v Owens,* 214 AD2d 480, 481, *lv denied* 86 NY2d 799). The further contention of defendant that he was denied a fair trial when the prosecutor inaccurately quoted the testimony of a witness is unpreserved for our review (*see,* CPL 470.05 [2]) and, in any event, the court also issued a curative instruction with respect to that comment, thereby alleviating any prejudice to defendant.

We agree with defendant, however, that the court erred in directing that the sentences imposed on the intentional murder count and the robbery count are to run consecutively (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 643-645). We therefore modify the judgment by directing that the sentences imposed under counts one and three of the indictment shall run concurrently. The sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Scudder, Kehoe and Gorski, JJ.