THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CARMEL, Appellant. [748 NYS2d 89] —Appeal from a judgment of Supreme Court, Monroe County (Egan, J.), entered June 2 and 5, 2000, convicting defendant of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]) and other crimes, defendant contends that Supreme Court erred in instructing the jury, with respect to the burglary charge, that "an attached enclosed porch is a part of a dwelling." We reject that contention. Penal Law § 140.25 (2) provides that a person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein and when the building is a dwelling. Penal Law § 140.00 (3) defines "[d]welling" as a "building which is usually occupied by a person lodging therein at night." Here, it is undisputed that, at the time of the crime, the porch that defendant entered was locked against intrusion from the outside, was accessible from other areas of the dwelling, was furnished, and was used by the occupants as a den and breakfast room. We therefore conclude that the court did not err in instructing

the jury that an attached enclosed porch is a part of a dwelling (*see People v Lewoc,* 101 AD2d 927, 928; *cf. People v Buford,* 248 AD2d 394, *lv denied* 92 NY2d 894; *People v Monge,* 248 AD2d 558, 559, *lv denied* 92 NY2d 856; *People v Santana,* 143 AD2d 207).

We reject the further contention that the court erred in denying defendant's motion for a mistrial based on police testimony that defendant invoked his right to counsel during questioning. The jury is presumed to have followed the court's curative instructions and to have disregarded the improper testimony (*see People v Kimble,* 289 AD2d 1062, 1063, *lv denied* 98 NY2d 638; *People v Mims,* 278 AD2d 822, 823, *lv denied* 96 NY2d 832; *People v Owens,* 214 AD2d 480, 481, *lv denied* 86 NY2d 799), and the court's curative instructions thereby eliminated any prejudice to defendant (*see People v Brown,* 248 AD2d 1017; *People v McCray,* 227 AD2d 900, 901, *lv denied* 89 NY2d 866; *People v Guise,* 179 AD2d 1027, *lv denied* 79 NY2d 1001). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.