THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ZEIGLER, Appellant. [759 NYS2d 722] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered May 24, 2000, convicting defendant after a jury trial of, inter alia, attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and attempted robbery in the first degree (§§ 110.00, 160.15 [4]). We reject the contention of defendant that he was denied his right to be "personally present during the trial of an indictment" (CPL 260.20) when County Court conducted an inquiry in chambers, in the presence of defense counsel and the prosecutor but in the absence of defendant, to determine whether a sworn juror should continue serving on the jury (*see People v Harris,* 99 NY2d 202, 212 [2002]; *People v Mullen,* 44 NY2d 1, 5-6 [1978]). Nor did the court err in discharging the juror based upon its observations of the juror sleeping during the trial (*see People v Rogers,* 266 AD2d 481, 482 [1999], *lv denied* 94 NY2d 884 [2000]) and the failure of the juror to answer truthfully questions asked during voir dire (*see People v Robertson,* 217 AD2d 989, 990 [1995], *lv denied* 86 NY2d 846 [1995]; *see also People v Payton,* 279 AD2d 483 [2001], *lv denied* 96 NY2d 833 [2001]).

Defendant's contention that the evidence is legally insuf-

ficient to sustain the conviction of attempted assault in the first degree is not preserved for our review. By presenting evidence after the court denied that part of his motion seeking to dismiss that count, defendant waived "subsequent review of that determination," and defendant did not renew the motion at the conclusion of all the proof (*People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the photo arrays presented to the eyewitnesses were not unduly suggestive (*see People v Lee*, 96 NY2d 157, 163 [2001]; *People v Burton*, 226 AD2d 1073 [1996], *lv denied* 88 NY2d 934 [1996]). Defendant failed to preserve for our review his contention that the court erred in responding to a juror's question with respect to the charge (*see* CPL 470.05 [2]; *People v Starling*, 85 NY2d 509, 516 [1995]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.