THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION SMITH, Appellant. (Appeal No. 1.) [770 NYS2d 527]—

Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered May 16, 2001, convicting defendant after a jury trial of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). In appeal No. 2, he appeals from a judgment entered upon his admission of a violation of probation and sentencing him on his underlying conviction of attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02). Contrary to defendant's contention, the conviction in appeal No. 1 is supported by legally sufficient evidence and the verdict therein is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). The People presented the testimony of, inter alia, two witnesses who identified defendant as the person who entered an apartment, occupied by those witnesses and the victim, and shot the victim. One witness observed defendant shoot the victim several times, and the other witness heard the shots from another room and then observed defendant run out of the apartment holding a gun. Although defendant's former neighbor testified that defendant was with him at the time the murder occurred, "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor," and here there is no basis upon which to disturb the jury's credibility determinations (*id.*).

We reject defendant's further contention in appeal No. 1 that Supreme Court erred in permitting the People to address prior inconsistent statements made to police by one of the two witnesses present in the apartment at the time of the shooting. Defendant questioned the witness on cross-examination with respect to those prior inconsistent statements, and the People therefore were entitled on redirect examination of the witness to clarify why he made those statements (*see People v Melendez,* 55 NY2d 445, 451-452 [1982]). Defendant failed to preserve for our review his further contention in appeal No. 1 that the court erred in permitting that witness to testify that defendant used the witness's apartment to sell drugs (*see* CPL 470.05 [2]). In any event, that testimony was "admissible as background material that completed the narrative of the episode" (*People v*

*Strong,* 234 AD2d 990, 990 [1996], *lv denied* 89 NY2d 1016 [1997]). We further conclude in appeal No. 1 that the court properly determined that a witness who testified with respect to inculpatory statements made by defendant to the witness while the two were incarcerated provided information to the police on his own initiative and thus did not act as an agent for the police (*see People v Cardona,* 41 NY2d 333, 335 [1977]; *People v Burton,* 226 AD2d 1073 [1996], *lv denied* 88 NY2d 934 [1996]). We have examined defendant's remaining contentions in appeal No. 1, many of which are not preserved for our review, and we conclude that all of those remaining contentions are without merit.

The People correctly concede with respect to appeal No. 2 that the sentence of an indeterminate term of incarceration of 1$^1$/$_2$ to 4 years imposed upon defendant's conviction by plea of guilty of attempted criminal possession of a weapon in the third degree must be vacated based on the court's failure to sentence defendant to a determinate term of incarceration (*see* Penal Law § 70.02 [2] [c]; [3] [d]). We therefore modify the judgment in appeal No. 2 by vacating the sentence, and we remit the matter to Supreme Court, Erie County, for resentencing. Present— Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.