▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUES MCHERRIN, Appellant. [796 NYS2d 211]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 19, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts) and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the first degree (Penal Law § 130.35 [1], [4]) and a single count of sexual abuse in the first degree (§ 130.65 [1]). We reject the contention of defendant that he was denied his right to be present at sidebar conferences conducted during jury selection. The record establishes that, before the first such conference, County Court informed defendant that he had the right to be present. "Defendant's failure to attend sidebar conferences after having been informed of the right to do so constitutes a waiver of that right" (*People v Yeldon*, 251 AD2d 1047, 1048 [1998], *lv denied* 92 NY2d 908 [1998]; *see People v Inskeep*, 272 AD2d 966 [2000], *lv denied* 95 NY2d 866 [2000]; *People v Kanner*, 272 AD2d 866, 866-867 [2000], *lv denied* 95 NY2d 867 [2000]; *see also People v Owens*, 275 AD2d 905 [2000], *lv denied* 95 NY2d 937 [2000]). Defendant's challenge to the testimony of the People's expert on child sexual abuse is unpreserved for our review (*see People v Kairis*, 4 AD3d 806, 807 [2004], *lv denied* 2 NY3d 763 [2004]; *People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]) and without merit in any event (*see People v Miller*, 91 NY2d 372, 379 [1998]; *People v Taylor*, 75 NY2d 277, 292-293 [1990]; *People v Cronin*, 60 NY2d 430, 432 [1983]; *see also People v Wardlaw*, 18 AD3d 106, 114 [2005]).

We reject the contention of defendant that he was denied the

effective assistance of counsel. Rather, the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.