THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILLIAMS, Appellant. [802 NYS2d 123]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered April 21, 2003, convicting defendant, after a jury trial, of robbery in the second degree (four counts), and sentencing him, as a second violent felony offender, to two concurrent terms of 15 years consecutive to two other concurrent terms of 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on each conviction to eight years, and directing that all sentences run concurrently, and otherwise affirmed.

The court properly denied defendant's request to amend, for the second time, his CPL 250.10 notice of intent to proffer psychiatric evidence. The request, in which defendant sought to reinstate his expressly abandoned insanity defense, was made two years after defendant's arrest, almost eight months after he initially amended his original CPL 250.10 notice to state that he was pursuing a mens rea-type defense, and just days prior to the start of jury selection (see People v Hill, 10 AD3d 310 [2004], affd 4 NY3d 876 [2005]; compare People v Gracius, 6 AD3d 222 [2004], lv denied 2 NY3d 800 [2004]). Granting the request to amend would have been prejudicial to the prosecution, which, after defendant repeatedly stated that an insanity defense would not be pursued, chose not to have defendant examined (see People v Rivers, 281 AD2d 348 [2001], lv denied 96 NY2d 923 [2001]). Inasmuch as defendant did not assert a constitutional right to present the precluded insanity defense, his constitutional argument is unpreserved (see People v Angelo, 88 NY2d 217, 222 [1996]; People v Gonzalez, 54 NY2d 729 [1981]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]; Brown v Miller, 2005 WL 1773683,*2-4, 2005 US Dist LEXIS 15026, *6-14 [SD NY, Jul. 26, 2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (see People v Brown, 306 AD2d 12 [2003], lv denied 100 NY2d 592 [2003]).

The record refutes defendant's claim that the court precluded

his psychiatric expert from testifying that he lacked the capacity to form the intent to commit the charged crimes. On the contrary, the court sustained objections to questions that were improper in form, but defendant was permitted to elicit the same substance in proper form.

The court lawfully imposed consecutive sentences for the counts of robbery relating to each victim, which were based on distinct, successive acts of force against the two victims (*see People v Ramirez*, 89 NY2d 444 [1996]; *People v Brathwaite*, 63 NY2d 839, 842-843 [1984]). However, we find the sentences excessive to the extent indicated.

The arguments in defendant's pro se supplemental brief concerning his right to represent himself are without merit.

Defendant's remaining contentions are unpreserved, or expressly waived, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.