■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMOINE ADAMS, Appellant. [828 NYS2d 745]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered January 5, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]), defendant contends that Supreme Court erred in denying his motion for a mistrial on the ground that the identification testimony of an eyewitness presented at trial violated the court's pretrial suppression ruling. Here, the identification testimony did not violate the court's pretrial ruling, and thus the court properly denied defendant's motion for a mistrial (see generally CPL 280.10 [1]). In any event, even assuming, arguendo, that the court erred in admitting the identification testimony of the eyewitness, we conclude that the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Parker, 304 AD2d 146, 158-159 [2003], lv denied 100 NY2d 585 [2003]). The victim identified defendant as his attacker, and the victim's genetic material was found on defendant's clothing and hands when defendant was apprehended. In addition, the victim informed the police that he had bitten his attacker and, when he was apprehended by the police, defendant had a bite mark on his arm. Thus, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error (see generally Crimmins, 36 NY2d at 241-242). Defendant failed to preserve for our review his contention that the evidence of physical injury is legally insufficient to support the conviction of robbery in the second degree under Penal Law § 160.10 (2) (a) (see People v Gray, 86 NY2d 10, 19 [1995]) and, contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted upon a plea of guilty of two counts of robbery in the second degree under Penal Law § 160.10 (1), and it must therefore be amended to reflect that he was convicted upon a jury verdict and under Penal Law § 160.10 (1) and (2) (a) (see People v Saxton, 32 AD3d 1286 [2006]; People v Benson, 265 AD2d 814, 816 [1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.