THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW LEMON, Appellant. [832 NYS2d 718]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), entered November 1, 2004. The order, insofar as appealed from, denied that part of defendant's motion pursuant to CPL 440.20 to set aside the sentence.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by granting the motion in part and directing that the sentences imposed for robbery in the first degree shall run concurrently with the sentences imposed for murder in the second degree under counts one and two of the indictment and as modified the order is affirmed.

Memorandum: Defendant appeals from that part of an order denying his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed with respect to his conviction of four counts of murder in the second degree (Penal Law § 125.25 [1], [3] [two counts of intentional murder and two counts of felony murder]), and two counts each of attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and robbery in the first degree (§ 160.15 [1]). The conviction arises from the robbery of a store in which the two store owners were killed and an employee and a customer were injured.

We agree with defendant, and the People correctly concede, that Supreme Court erred in directing that the sentences on the two counts of robbery run consecutively to the sentences imposed on the two counts of intentional murder. Penal Law § 70.25 (2) requires the imposition of concurrent sentences where "a single act or omission . . . itself constituted one of the offenses and also was a material element of the other." Here, the act constituting each count of intentional murder, i.e., stabbing the victims, is the same act that caused the serious physical injury for purposes of each robbery conviction (*see People v Laureano*, 87 NY2d 640, 644 [1996]; *People v Kimble*, 289 AD2d 1062, 1063 [2001], *lv denied* 98 NY2d 638 [2002]; *People v Pringle*, 216 AD2d 863, 864 [1995], *lv denied* 86 NY2d 845 [1995]). Thus, we conclude that the court erred in failing to direct that the sentences imposed for robbery in the first degree, counts 9 and 10 of the indictment, run concurrently with the sentences imposed for intentional murder, counts one and two of the indictment. We therefore modify the order accordingly.

We reject defendant's further contention that the sentences imposed on the attempted murder counts must run concurrently with the sentences imposed on the intentional murder counts. Where, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion (*see People v Brathwaite*, 63 NY2d 839, 843 [1984]; *People v Parris*, 30 AD3d 1108, 1109 [2006], *lv denied* 7 NY3d 816 [2006]; *People v Williams*, 22 AD3d 256, 257 [2005], *lv denied* 6 NY3d 760 [2005]).

As defendant correctly contends in his pro se supplemental brief, the court directed that the sentences imposed for felony murder, counts three and four, run concurrently with the sentences imposed for robbery in the first degree, counts 9 and 10. We reject defendant's contention, however, that the aggregate minimum sentence is therefore reduced from 75 years to 25 years inasmuch as the aggregate minimum sentence of 75 years includes concurrent sentences with respect to the felony murder counts. We note that the certificate of conviction erroneously states that the sentences imposed on counts three and four are to run consecutively to the sentences imposed on counts 9 and 10, and it must therefore be amended to reflect that the sentences are to run concurrently (*see generally People v Adams*, 37 AD3d 1055 [2007]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.