■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WISE, Appellant. [854 NYS2d 262]—

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of four counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), two counts of attempted sodomy in the first degree (§§ 110.00, former 130.50 [3]), and one count each of attempted rape in the first degree (§§ 110.00, 130.35 [3]) and endangering the welfare of a child (§ 260.10 [1]).

We reject the contention of defendant that reversal is required because the jury may have convicted him of two unindicted instances of sexual abuse and different jurors may have convicted him based on different acts. Although the testimony of the victim concerned more than four incidents involving defendant that may constitute the crime of sexual abuse in the first degree, County Court's "charge to the jury eliminated any 'danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts' " (*People v Gerstner*, 270 AD2d 837, 838 [2000]; *see People v Caballero*, 23 AD3d 1031, 1032 [2005], *lv denied* 6 NY3d 846 [2006]; *see generally People v Mathis*, 8 AD3d 966, 967-968 [2004], *lv denied* 3 NY3d 709 [2004]).

Defendant further contends that the evidence is legally insufficient to support the conviction of attempted rape and that the verdict convicting him of that crime is against the weight of the evidence. In support thereof, he contends that his actions did not constitute attempted rape because he never removed the victim's underwear, and he knew that one of his relatives was likely to return to the bedroom at any time. We reject defendant's contentions. The Court of Appeals has written that, "in demarcating punishable attempts from mere preparation to commit a crime, a 'line has been drawn between those acts which are remote and those which are proximate and near to the consummation' " (*People v Acosta*, 80 NY2d 665, 670 [1993], quoting *People v Rizzo*, 246 NY 334, 337 [1927]; *see People v Mahboubian*, 74 NY2d 174, 190-191 [1989]). To constitute an attempt, "defendant['s] act need not be the final one towards the completion of the offense" (*Mahboubian*, 74 NY2d at 190 [internal quotation marks omitted]). Here, the victim testified that defendant told her that he was not going to let her go until he had sex with her. The victim also testified that defendant took off his pants, pulled down his underwear, pulled off her pants but not her underwear, pushed her onto a bed and touched her vaginal area beneath her underwear. Viewing the evidence in the light most favorable to the People, as we must in reviewing defendant's contention with respect to legal sufficiency (*see People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]), we conclude that the evidence is legally sufficient to support the conviction of attempted rape (*see People v Glover*, 107 AD2d 821 [1985], *affd* 66 NY2d 931 [1985], *cert denied* 476 US 1161 [1986]; *People v Pereau*, 64 NY2d 1055, 1057 [1985]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that the verdict is not against the weight of the evidence with respect to that crime (*see People v Spagnualo*, 5 AD3d 995, 996-997 [2004], *lv denied* 2 NY3d 807

[2004]; *People v Cobenais*, 301 AD2d 958, 958-961 [2003], *lv denied* 99 NY2d 653 [2003]; *see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that defense counsel should have sought dismissal of the count charging him with endangering the welfare of a child because that count was time-barred, and that as a result he was denied his right to effective assistance of counsel. As the People correctly concede, that count is governed by the two-year statute of limitations (*see* CPL 30.10 [2] [c]), and it should have been dismissed as time-barred (*see People v Rogner*, 265 AD2d 688 [1999]). We therefore modify the judgment accordingly.

We further conclude under the circumstances of this case, however, that defendant was not thereby denied his right to effective assistance of counsel. "[T]he failure to raise a defense as clear-cut and completely dispositive as a statute of limitations . . . , in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to the effective assistance of counsel" (*People v Turner*, 5 NY3d 476, 481 [2005]). Nevertheless, we conclude that defense counsel's single omission did not "so seriously compromise[ ] [the] defendant's right to a fair trial [as to] qualify as ineffective representation" (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]; *see generally People v Flores*, 84 NY2d 184, 187-189 [1994]). Contrary to defendant's contention, the incidents underlying the count of endangering the welfare of a child, although subject to a *Ventimiglia* hearing, would nevertheless have been admissible as probative of the sexual gratification element of the sexual abuse charges (*see generally People v Ortiz*, 16 AD3d 831, 833 [2005], *lv denied* 4 NY3d 889 [2005]; *People v Graves*, 8 AD3d 1045 [2004], *lv denied* 3 NY3d 674 [2004]; *People v Evans*, 259 AD2d 629 [1999], *lv denied* 93 NY2d 924 [1999]), and we note that the count at issue is now being dismissed as time-barred. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Clark*, 6 AD3d 1066, 1067 [2004], *lv denied* 3 NY3d 638 [2004]; *cf. Turner*, 5 NY3d at 478-479).

We reject the contention of defendant that he did not validly waive his right to be present at sidebar conferences conducted during jury selection and thus was denied his right to be present at those sidebar conferences. The record establishes that, before the first sidebar conference, the court informed defendant that he had the right to be present, and defendant

indicated that he understood that right. Thereafter, defendant was not present during sidebars. "Defendant's failure to attend sidebar conferences after having been informed of the right to do so constitutes a waiver of that right" (*People v Yeldon*, 251 AD2d 1047, 1048 [1998], *lv denied* 92 NY2d 908 [1998]; *see People v McHerrin*, 19 AD3d 1166 [2005], *lv denied* 5 NY3d 808 [2005]). Defendant failed to object to the court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the court did not consider and balance the appropriate *Sandoval* factors (*see People v Washington*, 38 AD3d 1339 [2007], *lv denied* 9 NY3d 870 [2007]; *People v Alston*, 27 AD3d 1141 [2006], *lv denied* 6 NY3d 892 [2006]). In any event, defendant's contention lacks merit. The court allowed the People to question defendant with respect to one prior conviction and three immoral or vicious acts, none of which was too remote in time to be pertinent. Moreover, the nature of the conviction and its underlying facts as well as the three immoral or vicious acts are probative of defendant's credibility and the "willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society" (*People v Sandoval*, 34 NY2d 371, 377 [1974]). Further, neither the prior conviction nor the other acts suggest that defendant has a propensity to commit the sex crimes at issue herein (*see People v Tirado*, 19 AD3d 712 [2005], *lv denied* 5 NY3d 810 [2005]).

Defendant failed to preserve for our review his further contention that the duration of the order of protection is beyond that permitted by law (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). In any event, because defendant failed to include the order of protection in the stipulated record on appeal, we cannot review that contention (*see People v Taylor*, 231 AD2d 945, 946 [1996], *lv denied* 89 NY2d 930 [1996]; *People v Restivo*, 226 AD2d 1106 [1996], *lv denied* 88 NY2d 883 [1996]).

Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.