■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BASBUS, Appellant. [889 NYS2d 578]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's role in a large-scale insurance fraud enterprise was established by the testimony of defendant's accomplices, fully corroborated by other evidence, which included, among other things, recorded conversations in which defendant told undercover agents posing as patients to exaggerate their symptoms. There is also no basis for dismissal in the interest of justice.

The People's medical expert did not state an opinion as to whether defendant acted with an intent to defraud insurers, and the fact that aspects of his testimony were related to the ultimate issue of innocence or guilt did not render that testimony inadmissible (*see People v Hicks*, 2 NY3d 750, 751 [2004]). The challenged portions of his testimony essentially stated that there was no legitimate medical explanation for defendant's actions, and left it to the jury to determine whether defendant was guilty of the charged crimes (*see People v Kanner*, 272 AD2d 866, 867 [2000], *lv denied* 95 NY2d 867 [2000]).

We have considered and rejected defendant's remaining arguments concerning the medical expert's testimony, his challenges to background testimony by investigators, and all of his contentions concerning the court's charge. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.