■ ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent, v VICTOR BASBUS, M.D., Appellant, et al., Defendants. [890 NYS2d 43]—

Following his conviction and sentencing under an indictment involving an insurance fraud enterprise, defendant-appellant moved to stay a related civil forfeiture proceeding pursuant to CPLR 1311 (1) (a), which mandates that such proceedings be stayed "during the pendency of a criminal action which is related to it." A criminal action has a precise definition set forth in CPL 1.20 (16), which provides that it terminates "with the

imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case." For purposes of this statute, the "final disposition" of defendant's case was his sentencing. The fact that an appeal is pending, or that execution of the criminal judgment has been stayed pending appeal, does not mean that the criminal action itself is still pending. While an appeal may be a criminal proceeding under CPL 1.20 (18) (b), it is not part of the criminal action. Since there is no statutory provision for the stay of civil forfeiture proceedings pending appeal from a judgment of conviction in a related criminal action, the court properly denied defendant's motion. In any event, we have affirmed the conviction (*People v Basbus*, 68 AD3d 441 [2009] [decided herewith]).

We have considered and rejected defendant-appellant's remaining arguments. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.