People v Townes (2020 NY Slip Op 07801)





People v Townes


2020 NY Slip Op 07801


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1150 KA 18-02059

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CEDRIC TOWNES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 21, 2018. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). In appeal No. 2, he appeals from a judgment convicting him upon a plea of guilty of attempted burglary in the second degree (§§ 110.00, 140.25 [2]). The two pleas were entered in a single plea proceeding. In both appeals, defendant contends that his waiver of the right to appeal is invalid and that the sentences are unduly harsh and severe. As the People correctly concede, defendant's waiver of the right to appeal was invalid because Supreme Court mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Dozier, 179 AD3d 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020]). We reiterate that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (Thomas, 34 NY3d at 567, citing NY Model Colloquies, Waiver of Right to Appeal).
Nevertheless, contrary to defendant's contention in both appeals, the sentences are not unduly harsh or severe. We note, however, that the certificate of conviction in appeal No. 2 incorrectly reflects that the sentence in appeal No. 2 is to run concurrently with the sentence in appeal No. 1, and it therefore must be amended to reflect that the sentences are to run consecutively to one another (see People v Brinson, 155 AD3d 1598, 1599 [4th Dept 2017]; see generally People v Lemon, 38 AD3d 1298, 1300 [4th Dept 2007], lv denied 9 NY3d 846 [2007], reconsideration denied 9 NY3d 962 [2007]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court