People v Lee (2023 NY Slip Op 01239)

People v Lee

2023 NY Slip Op 01239

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Ind. No. 2396/17 Appeal No. 17474 Case No. 2020-01383 

[*1]The People of the State of New York, Respondent,
v
Donald Lee, Defendant-Appellant.

Mark Zeno, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 27, 2020, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion for a mistrial based on a detective's remark that defendant had requested an attorney. The testimony was brief and inadvertently elicited, and the court's thorough curative instruction, made shortly after the offending testimony, sufficiently mitigated any possible prejudice to defendant (see e.g. People v Jones, 209 AD3d 591, 593 [1st Dept 2022], lv denied 39 NY3d 986 [2022]; People v Owens, 214 AD2d 480, 481 [1st Dept 1995], lv denied 86 NY2d 799 [1995]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
The court also providently exercised its discretion in permitting a witness to express an opinion that defendant was the person depicted on surveillance video (see People v Russell, 79 NY2d 1024, 1025 [1992]; People v DeJesus, 192 AD3d 561 [1st Dept 2021], lv denied 37 NY3d 964 [2021]). Although defense counsel argued that the witness was insufficiently familiar with defendant, the requisite familiarity was established at a hearing under People v Rodriguez (79 NY2d 445 [1992]). The witness testified that he had seen defendant several times a week in the months leading up to the shooting, he was friends with defendant's brother, and they often socialized. Defendant did not preserve his additional claim that this testimony was unnecessary, and we decline to review it in the interest of justice. As an alternative holding, we find that there was "some basis" to conclude that the witness would be more likely than the jury to correctly identify defendant from the video (People v Sanchez, 95 AD3d 241, 249 [1st Dept 2012], affd 21 NY3d 216 [2013]), and any prejudice to defendant was minimized by the court's repeated instructions reminding the jury that it was its function to determine who was depicted on the video (see People v Hill, 199 AD3d 588 [1st Dept 2021], lv denied 38 NY3d 928 [2022]). In any event, any error in this regard was likewise harmless.
The court's denial of defendant's request for a psychiatric examination at sentencing was also a sound exercise of discretion (see People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-880 [1995]). Defendant did not have a known history of mental illness, or any competency issues at trial. Despite some strange and disruptive remarks, there was no indication that between trial and sentencing he had lost the capacity to understand the proceedings and assist his attorney (see e.g. People v McCray, 165 AD3d 595[*2], 596 [2018], lv denied 32 NY3d 1175 [2019]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023