People v GPB Capital Holdings, LLC
2026 NY Slip Op 03893
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York etc., Plaintiff-Respondent,
v
GPB Capital Holdings, LLC, Defendant-Respondent, David Gentile et al., Defendants-Appellants.

Decided and Entered: June 18, 2026
Index No. 450287/21|Appeal No. 6919|Case No. 2026-01118|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Kobre & Kim LLP, New York (Jessica K. Fender and A. Zoe Bunnell of counsel), for David Gentile, appellant.
Arent Fox Schiff LLP, New York (Hunter T. Carter of counsel), for Jeffry Schneider and Ascendant Capital, LLC, appellants.
Letitia James, Attorney General, New York (Danny Yao Li of counsel), for State respondent.

[*1]
Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 2, 2026, which granted the People's motion to vacate the stay of all proceedings in this action brought pursuant to Executive Law § 63(12), unanimously affirmed, without costs.
In this four-year-old civil enforcement action involving allegations of a massive fraud on investors, Supreme Court did not abuse its broad discretion in granting the motion to vacate the stay it had imposed, without opposition, at the outset of the case (see e.g. Britt v International Bus Servs., 255 AD2d 143, 144 [1st Dept 1998]).
While defendants' main argument is that this case should not go forward in light of the criminal proceedings against defendants David Gentile and Jeffry Schneider, Supreme Court was "not obliged to stay [this] civil proceeding simply because a related criminal matter [was] pending" (Cohen v Gordon & Silber, PC, 217 AD3d 445, 445 [1st Dept 2023]). Nor is defendants' purported intent to invoke the Fifth Amendment a sufficient basis for finding that Supreme Court abused its discretion in vacating the stay (see, e.g., Access Capital v DeCicco, 302 AD2d 48, 52 [1st Dept 2002]).
While both defendants in the criminal proceedings have appealed their convictions to the Second Circuit, "[t]he fact that an appeal is pending, or that execution of the criminal judgment has been stayed pending appeal, does not mean that the criminal action itself is still pending" (Morgenthau v Basbus, 68 AD3d 442, 443 [1st Dept 2009]). Further, while the criminal appeals have been stayed pending the district court's resolution of the forfeiture and restitution issues in the criminal case, it is unclear from this record when or if those issues will ultimately be resolved; and regardless, these issues do not provide an independent basis for reversing the order (id.).
Nor does the pendency of the stayed SEC action or the separate securities class action compel reversal. "A stay of one action pending the outcome of another is appropriate only where the decision in one will determine all the questions in the other, and where the judgment in one trial will dispose of the controversy in both actions" (see, e.g., Somoza v Pechnik, 3 AD3d 394, 394 [1st Dept 2004]). While Supreme Court would have been within its discretion to keep the stay in place, it certainly was not an abuse of its discretion to vacate it (H & J Blits V Blits, 65 NY2d 1014, 1014-1015 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026